**A/S IVARANS REDEREI et al.,
Plaintiffs, Appellees,**

v.

**PUERTO RICO PORTS AUTHORITY,
Defendant and Third Party
Plaintiff, Appellant,**

v.

**The COMMONWEALTH INSURANCE
CO. et al., Third Party
Defendants, Appellees.**

**No. 79–1299.**

United States Court of Appeals,
First Circuit.

Argued Feb. 5, 1980.

Decided April 1, 1980.

904

Francisco L. Acevedo-Nogueras, Hato Rey, P. R., with whom Francis, Doval, Munoz, Acevedo, Otero & Trias, Hato Rey, P. R., was on brief, for defendant and third party plaintiff, appellant.

Robert J. Giuffra, New York City, with whom Dougherty, Ryan, Mahoney, Pellogrino, Giuffra & Zambito, New York City, was on brief, for appellee, Arkwright Boston Mfrs. Mut. Ins. Co., et al.

Harry R. Nadal Arcelay and Cancio, Nadal & Rivera, Hato Rey, P. R., on brief, for appellees, Commonwealth Ins. Co., et al.

Before COFFIN, Chief Judge, WISDOM, Senior Circuit Judge * CAMPBELL, Circuit Judge.

COFFIN, Chief Judge.

This appeal arises from the attempt of the Puerto Rico Ports Authority (Authority), which had been held liable to owners of the M/V SANTOS and her cargo, to be reimbursed by the Arkwright Boston Manufacturers Mutual Insurance Company (Arkwright), which had reinsured the Authority's now insolvent liability insurer, The Commonwealth Insurance Company (Commonwealth).

The relevant facts supportably found by the judge are as follows. The Authority operated, under a lease, the Pan American Dock in San Juan. Through lack of dock maintenance, fenders were missing and protruding bolts above the water line caused damage by puncturing the barge PECK SLIP on two occasions in 1975, giving rise to claims against the Authority. The incidents were reported to the insurer, Commonwealth, but were not brought to the attention of Arkwright at any time before it renewed its contract of reinsurance in early 1976. Subsequently, the Authority cut off the protruding bolts. This action, however, resulted in exposing certain other bolts below the surface of the water where they eventually, in 1976, punctured the hull of the SANTOS and brought about her sinking.

* Of the Fifth Circuit, sitting by designation.

The reinsurance policy, in addition to covering liability arising out of water pollution and activities of port pilots, also insured against liability arising from "[t]he negligence of the Captain of the Port or his assistants in the performance of their duties in connection with the ports and bays under their jurisdiction." The district court found that the duties to inspect and maintain the dock were not part of the duties of the Captain of the Port. Appellant cites several provisions of the Dock and Harbor Law of Puerto Rico, as enacted in 1928, dealing with the port captain's duty to report damage to docks and "to see . . . to the preservation of . . . docks", and claims that although these provisions could be superseded by regulations, they have not been. It argues that Arkwright, whether notified of these provisions or not, was assumed to know the law.

While it seems probable that Arkwright and Commonwealth did not have in mind such a broad coverage of port captain liabilities as appellant suggests, we do not pass upon the point. For it seems sufficient to us to dispose of this case by concluding that the district court made no clearly erroneous factual findings and committed no error of law relating to the failure of Commonwealth (and the Authority) to reveal to Arkwright the two incidents involving the barge PECK SLIP in 1975.

■ The reinsurance contract was expressly subject to being voided if "whether before or after a loss, the Insured [Commonwealth] has concealed or misrepresented any material fact." The district court was justified in finding that "[t]he two PECK SLIP incidents were material to the risk". Assuming that the reinsurance policy covered the maintenance of docks, the fact that the same defect that occasioned damage to the PECK SLIP in January, 1975, remained uncorrected and caused damage again to the same vessel ten months later was obviously material to the nature and quantum of risk being assumed. Whether the nondisclosure of a known fact material to a marine risk was intended or not is beside the point; such nondisclosure voids the policy. *Fireman's Fund Ins. Co. v. Wilburn Boat Co.*, 300 F.2d 631, 646 (5th Cir. 1962).

■ Appellant does not take issue with either the high standard of disclosure applicable in marine insurance dealings or the materiality of the nondisclosure in this case. Its position is simply that in notifying Commonwealth, the Authority also notified Arkwright since the knowledge of the reinsured is imputed to the reinsurer. No relevant authority is cited for this proposition, and appellant confuses requirements as to filing proof of loss with misrepresentations of material fact prior to execution of a reinsurance policy.** Appellant misconceives the nature of reinsurance as somehow conferring on the original insured the status of third party beneficiary. Reinsurance, however, involves no privity between the original insured and the reinsurer; the contract is entirely between reinsurer and reinsured, 13 A. J. Appleman and J. Appleman, *Insurance Law and Practice*, Sec. 7693, at 523, absent any special undertaking to assume a direct liability to the original insured. *Id.* Sec. 7694, at 527. As between the reinsured and reinsurer, there is no principle of imputed knowledge of facts material to the risk that the reinsurer is asked to assume; to the contrary, there is a duty on the reinsured to disclose such facts. *Id.* Sec. 7687, at 505. Indeed, were this not so, the business of reinsurance would rest on blind faith in the reinsured.

** Appellant also unhelpfully invokes agency principles as if the reinsured were agent of the reinsurer, quoting from 43 Am.Jur.2d § 1063 at 988 a passage referring to a situation where one insurance company procures part of a client's insurance from a second company. Far more pertinent is the following: "In the case of reinsurance, the insurer seeking to shift the risk it has taken should communicate its knowledge of the character of the original insured, where such information would be likely to influence the judgment of an underwriter, [ ] and the policy may be avoided where the reinsured conceals the fact that a loss has taken place . . . .." (footnotes omitted) 44 Am. Jur.2d § 1861 at 792–93.

We therefore affirm the district court's action in dismissing the third party complaint against Arkwright.

*Affirmed.*